

FILED
CLERK, U.S. DISTRICT COURT
12/17/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_MMC\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ERICK DUARTE,<br><br>　　　　Defendant. | CR No. 2:24-CR-00749-AH<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi): Distribution of and Possession with Intent to Distribute Fentanyl; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 21 U.S.C. § 853, 28 U.S.C. § 2461(c), 18 U.S.C. § 924(d)(1): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

On or about February 28, 2024, in Los Angeles County, within the Central District of California, defendant ERICK DUARTE knowingly and intentionally distributed at least 400 grams, that is, approximately 553.7 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

On or about March 19, 2024, in Los Angeles County, within the Central District of California, defendant ERICK DUARTE knowingly and intentionally distributed at least 400 grams, that is, approximately 539.2 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

On or about June 13, 2024, in Los Angeles County, within the Central District of California, defendant ERICK DUARTE knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 11,623 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOUR

[18 U.S.C. § 922(a)(1)(A)]

Beginning on or about February 29, 2024, and continuing to on or about April 16, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant ERICK DUARTE, not being a licensed importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | FIREARM(S) |
|---|---|
| February 29, 2024 | (1) An Anderson Manufacturing, model AM-15, multi-caliber AR style lower receiver, bearing serial number 15054516, together with an AR style upper receiver; <br><br>(2) an Anderson Manufacturing, model AM-15, 5.56 caliber AR style rifle, bearing serial number 15054518; <br><br>(3) an Anderson Manufacturing, model AM-15, 5.56 caliber AR style rifle, bearing serial number 15054519; and <br><br>(4) a Savage, model 1899, 30-30 caliber lever action rifle, bearing serial number 105556 |
| March 13, 2024 | (1) a privately manufactured 5.56 NATO caliber rifle, with unknown make and model and that lacked a serial number (commonly referred to as a "ghost gun"); <br><br>(2) a Diamondback Arms Inc., model DB380, .380 AUTO caliber pistol, with an obliterated serial number; <br><br>(3) a Taurus, model PT 809, 9mm caliber pistol, bearing serial number TJS28838; <br><br>(4) an Israel Weapon Industries, model MASADA, 9mm caliber pistol, bearing serial number M1023416; and <br><br>(5) a HS Product, model XD45, .45 ACP caliber pistol, bearing serial number XD750992 |

4

| DATE | FIREARM(S) |
|---|---|
| March 27, 2024 | (1) an American Tactical, model Omni Hybrid, 5.56 NATO caliber rifle, bearing serial number NS076188;<br><br>(2) an American Tactical, model Omni Hybrid, 5.56 NATO caliber rifle, bearing serial number NS076190;<br><br>(3) an American Tactical, model Omni Hybrid, 5.56 NATO caliber rifle, bearing serial number NS076196;<br><br>(4) a Freedom Ordnance, model FX-9, 9mm caliber pistol, bearing serial number 048251; and<br><br>(5) a Rock Island Armory, model M1911-A1FS, .38 caliber pistol, bearing serial number RIA1323224 |
| April 16, 2024 | (1) an Extar LLC, model EP9, 9mm caliber pistol, bearing serial number P14205;<br><br>(2) two privately manufactured 5.56 NATO caliber ghost gun rifles;<br><br>(3) a Smith & Wesson, model M&P 9 Shield, 9mm caliber pistol, bearing serial number IFT2603;<br><br>(4) a privately manufactured ghost gun pistol;<br><br>(5) a Taurus, model G3, 9mm caliber pistol, bearing serial number ABJ946719; and<br><br>(6) a Taurus, model GX4, 9mm caliber pistol, bearing serial number 1GC21781 |

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offenses set forth in Counts One through Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

    (b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

    (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

6

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//
//
//

8

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

KENNETH R. CARBAJAL
Assistant United States Attorney
Violent and Organized Crime Section