BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
MIKAELA WYNNE GILBERT-LURIE (Cal. Bar No. 337339)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5615
     E-mail:   mikaela.gilbert-lurie@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-CR-749-AH |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ERICK DUARTE |
| v. | |
| ERICK DUARTE, | |
| Defendant. | |

     1.   This constitutes the plea agreement between Defendant ERICK
DUARTE ("defendant") and the United States Attorney's Office for the
Central District of California (the "USAO") in the above-captioned
case.  This agreement is limited to the USAO and cannot bind any
other federal, state, local, or foreign prosecuting, enforcement,
administrative, or regulatory authorities.

                      DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and
provided by the Court, appear and plead guilty to count three of the
indictment in United States v. Erick Duarte, Case No. No. 2:24-CR-

749-AH, which charges defendant with Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi).

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

       g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

       h.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following: (1) An Anderson Manufacturing, model AM-15, multi-caliber AR style lower receiver, bearing serial number 15054516, together with an AR style upper receiver; (2) an Anderson Manufacturing, model AM-15, 5.56 caliber AR style rifle, bearing serial number 15054518; (3) an Anderson Manufacturing, model AM-15, 5.56 caliber AR style

rifle, bearing serial number 15054519; (4) a Savage, model 1899, 30-30 caliber lever action rifle, bearing serial number 105556 (collectively, the "Forfeitable Assets"); (5) a privately manufactured 5.56 NATO caliber rifle, with unknown make and model and that lacked a serial number (commonly referred to as a "ghost gun");(6) a Diamondback Arms Inc., model DB380, .380 AUTO caliber pistol, with an obliterated serial number; (7)a Taurus, model PT 809, 9mm caliber pistol, bearing serial number TJS28838; (8) an Israel Weapon Industries, model MASADA, 9mm caliber pistol, bearing serial number M1023416; (9) a HS Product, model XD45, .45 ACP caliber pistol, bearing serial number XD750992; (10) an American Tactical, model Omni Hybrid, 5.56 NATO caliber rifle, bearing serial number NS076188; (11) an American Tactical, model Omni Hybrid, 5.56 NATO caliber rifle, bearing serial number NS076190; (12) an American Tactical, model Omni Hybrid, 5.56 NATO caliber rifle, bearing serial number NS076196; (13) a Freedom Ordnance, model FX-9, 9mm caliber pistol, bearing serial number 048251; (14) a Rock Island Armory, model M1911-A1FS, .38 caliber pistol, bearing serial number RIA1323224; (15) an Extar LLC, model EP9, 9mm caliber pistol, bearing serial number P14205; (16 & 17) two privately manufactured 5.56 NATO caliber ghost gun rifles; (18) a Smith & Wesson, model M&P 9 Shield, 9mm caliber pistol, bearing serial number IFT2603; (19) a privately manufactured ghost gun pistol; (20) a Taurus, model G3, 9mm caliber pistol, bearing serial number ABJ946719; and (21) a Taurus, model GX4, 9mm caliber pistol, bearing serial number 1GC21781 ("the Forfeitable Assets").

1          i.    To the Court's entry of an order of forfeiture at or

2     before sentencing with respect to the Forfeitable Assets and to the

3     forfeiture of the assets.

4          j.    To take whatever steps are necessary to pass to the

5     United States clear title to the Forfeitable Assets, including,

6     without limitation, the execution of a consent decree of forfeiture

7     and the completing of any other legal documents required for the

8     transfer of title to the United States.

9          k.    Not to contest any administrative forfeiture

10    proceedings or civil judicial proceedings commenced against the

11    Forfeitable Assets.  If defendant submitted a claim and/or petition

12    for remission for all or part of the Forfeitable Assets on behalf of

13    himself or any other individual or entity, defendant shall and hereby

14    does withdraw any such claims or petitions, and further agrees to

15    waive any right he may have to seek remission or mitigation of the

16    forfeiture of the Forfeitable Assets.

17         l.    Not to assist any other individual in any effort

18    falsely to contest the forfeiture of the Forfeitable Assets.

19         m.    Not to claim that reasonable cause to seize the

20    Forfeitable Assets was lacking.

21         n.    To prevent the transfer, sale, destruction, or loss of

22    any and all assets described above to the extent defendant has the

23    ability to do so.

24         o.    To fill out and deliver to the USAO a completed

25    financial statement listing defendant's assets on a form provided by

26    the USAO.

27

28

4

1        p.   That forfeiture of Forfeitable Assets shall not be

2 counted toward satisfaction of any special assessment, fine,

3 restitution, costs, or other penalty the Court may impose

4 THE USAO'S OBLIGATIONS

5    3.   The USAO agrees to:

6        a.   Not contest facts agreed to in this agreement.

7        b.   Abide by all agreements regarding sentencing contained

8 in this agreement.

9        c.   At the time of sentencing, move to dismiss the

10 remaining counts of the indictment as against defendant.  Defendant

11 agrees, however, that at the time of sentencing the Court may

12 consider any dismissed charges in determining the applicable

13 Sentencing Guidelines range, the propriety and extent of any

14 departure from that range, and the sentence to be imposed.

15        d.   At the time of sentencing, provided that defendant

16 demonstrates an acceptance of responsibility for the offenses up to

17 and including the time of sentencing, recommend a two-level reduction

18 in the applicable Sentencing Guidelines offense level, pursuant to

19 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

20 additional one-level reduction if available under that section.

21 NATURE OF THE OFFENSE

22    1.   Defendant understands that for defendant to be guilty of

23 the crime charged in count three, that is, Possession with Intent to

24 Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1),

25 (b)(1)(A)(vi), the following must be true: (1) defendant knowingly

26 possessed a controlled substance, namely, fentanyl; and (2) defendant

27 possessed it with the intent to distribute it to another person.  To

28 "possess with intent to distribute" means to possess with intent to

deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction. It does not matter whether the defendant knew that the substance was fentanyl. It is sufficient that defendant knew that it was some kind of a federally controlled substance.

2. Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant distributed at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance. Defendant admits that defendant, in fact, distributed at least 400 grams of a mixture or substance containing a detectable amount of fentanyl, as described in count three of the indictment.

PENALTIES

3. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(a)(vi), as charged in count three of the indictment, is: lifetime imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

4. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(a)(vi), as charged in count three of the indictment, is: 10 years' imprisonment, followed

by a 5-year period of supervised release, and a mandatory special assessment of $100.

5.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

6.   The Court will also order forfeiture of the property listed in count four of the indictment pursuant to 21 U.S.C. § 853 or substitute assets up to the value of that property.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a

professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about February 28, 2024, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally distributed approximately 553.7 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

On or about March 19, 2024, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally distributed approximately 539.2 grams of a mixture and substance containing a detectable amount of fentanyl.

On or about June 13, 2024, in Los Angeles County, within the Central District of California, defendant ERICK DUARTE knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 11,623 grams, of a mixture and substance containing a detectable amount of fentanyl.

In total, defendant knowingly and intentionally distributed, or possessed with the intent to distribute, approximately 12,715.90 grams of a mixture or substance containing a detectable amount of fentanyl.

Additionally, between approximately February 2024 and April 2024, in Los Angeles County, defendant willfully engaged in the business of dealing in firearms, even though he was not a licensed importer, manufacturer, or dealer of firearms, as follows:

- On or about February 29, 2024, defendant sold three AR style rifles and one 30-30 caliber lever action rifle;

- On or about March 13, 2024, defendant sold 1 privately manufactured rifle and four pistols, on of which had an obliterated serial number;

- On or about March 27, 2024, defendant sold three NATO caliber rifles and two pistols;

- On or about April 16, 2024, defendant sold two privately manufactured rifles, one privately manufactured pistol, and four 9mm caliber pistols.

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:            36      U.S.S.G. § 2D1.1(c)(2)
*[At least 12KG but less than 36KG of Fentanyl]*

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

                    <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.   The right to persist in a plea of not guilty.

        b.   The right to a speedy and public trial by jury.

        c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

        d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.   The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

16.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

17.    Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 33 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law,

the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 33 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

13

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

22.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

14

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action

against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

1        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        29.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   BILAL A. ESSAYLI
    United States Attorney

9

10  *Mikaela W. Gilbert-Lurie*                    April 23, 2025
    MIKAELA WYNNE GILBERT-LURIE                   Date
11  Assistant United States Attorney

12  Erick Duarte                                  4/23/2025
    ERICK DUARTE                                  Date
13  Defendant

14                                                4-23-25
    ERNEST LUTZ                                   Date
15  Attorney for Defendant ERICK DUARTE

16

17

18

19

20

21

22

23

24

25

26

27

28

                            18

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

Erick Duarte _____     4/23/2025 _____
ERICK DUARTE                              Date
Defendant

1

CERTIFICATION OF DEFENDANT'S ATTORNEY

2      I am ERICK DUARTE's attorney.  I have carefully and thoroughly

3  discussed every part of this agreement with my client.  Further, I

4  have fully advised my client of his rights, of possible pretrial

5  motions that might be filed, of possible defenses that might be

6  asserted either prior to or at trial, of the sentencing factors set

7  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8  provisions, and of the consequences of entering into this agreement.

9  To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  a guilty plea pursuant to this agreement.

16

17  _____      4-23-25

    ERNEST LUTZ                        Date

18  Attorney for Defendant ERICK DUARTE

19

20

21

22

23

24

25

26

27

28